REUBEN H. FARNHAM, AS SUPERVISOR OF THE TOWN OF ATTICA, APPELLANT AND RESPONDENT, *v.* CHARLES B. BENEDICT, RESPONDENT AND APPELLANT.

*Action by a town officer under section 1926 of the Code of Civil Procedure — it is only "in a proper case" that the court will substitute his successor upon the expiration of his term of office — the order of the Special Term granting an application for substitution is appealable — Code of Civil Procedure, sec. 1930.*

Where, after an action has been brought by a supervisor of a town, under section 1926 of the Code of Civil Procedure, his term of office expires, it is only "in a proper case " that the court will upon the application of his successor substitute him in the place of the original plaintiff.

The order of the Special Term directing such substitution to be made is reviewable upon appeal by the General Term.

Where it appears from the relation existing between the defendant and the new supervisor, and the attitude of the latter to the subject-matter of the litigation, that the application is made in the interest of the defendant rather than of the town it should be denied.

APPEAL by the plaintiff from an order made at a Special Term substituting James G. Doty, in the place of Reuben H. Farnham, as plaintiff ; and by the defendant and one James G. Doty, the present

supervisor of the town of Attica, from so much of the order as staid proceedings in the action until the next annual town meeting.

*L. W. Thayer*, for the plaintiff.

*W. F. Cogswell*, for the defendant.

*J. S. Morgan*, for James G. D. ty, supervisor, etc.

SMITH, P. J.:

This is an appeal from an order made at the Wyoming Special Term, substituting James G. Doty, the present supervisor of the town of Attica, as plaintiff in the place of Reuben H. Farnham, whose term of office has expired since the commencement of the suit. The application was made by Doty on the sole ground that he is the supervisor of the town

Section 1930 of the Code of Civil Procedure is in the following words:

"SECTION 1930. In such an action or special proceeding" (referring to a class of actions of which this is one), "the court must, in a proper case, substitute a successor in office in place of a person made a party in his official capacity, who has died or ceased to hold office, but such a successor shall not be substituted as a defendant without his consent, unless at least fourteen days notice of the application for the substitution, has been personally served upon him." The counsel for Doty and the defendant are in accord in claiming that this section is imperative, and requires the court to substitute the successor in office, on application, in all cases where the original plaintiff has ceased to hold office as well as where he has died. That construction fails, we think, to give due effect to the words "in a proper case." Those words seem to imply very clearly that there may be cases falling within the language of the section in which it would not be proper to grant the application, and that idea is expressly alleged in Mr. Throop's note to the section as the reason why those words were inserted.

In view of the relations that are shown by the motion papers to exist between Mr. Doty and the defendant, the attitude in which Doty stands to the subject-matter of the litigation, and the importance to the town of having the action faithfully prosecuted to a speedy termination, we cannot hold that this is a proper case in

which to grant the application. Looking at the affidavits we cannot resist the conclusion that the application is in the interest of the defendant rather than of the town, and that to allow it would be equivalent to ordering the action to be discontinued. Until substitution the action may proceed in the name of the original plaintiff. So held under the section of the Revised Statutes for which section 1930 of the Code is in part a substitute. (*Manchester* v. *Herrington*, 10 N. Y., 164; *Board of Excise* v. *Garlinghouse*, 45 id., 249.)

The question of the propriety of granting the substitution, cannot be said to be one resting in discretion merely, and if it were, it is apparent from the condition annexed to the order, by the learned judge at Special Term staying proceedings till the next town meeting, either that he ordered the substitution under the impression that the statute imperatively required it, or that he thought the case was not a proper one for substitution unless the proceedings were staid. In the latter alternative, as well as the first, the decision of the Special Term is not conclusive, and the order is appealable; for as we look at the case, the stay cannot be upheld, the applicant being entitled to an unconditional substitution or none, and no facts being shown, that we are aware of, which made the stay pertinent; and if the stay is reversed the order will be left in a shape which the Special Term did not direct or intend.

Section 766 of the Code of Civil Procedure, referred to by the counsel for Doty and the defendant applies to the case of "death or removal." It is perhaps difficult to reconcile it with section 1930 in all respects, but it is hardly to be supposed that if there is a conflict between them the latter section was intended to give way to that which precedes it; and besides, it is obvious that the case is not within the letter of section 766.

We think the entire order should be reversed, and the motion for substitution denied, without costs to either party.

HARDIN and HAIGHT JJ., concurred.

Order reversed in all respects, without costs to either party.